# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL GERROD OWENS,

                Plaintiff,

v.

                Case No. 17-CV-195-JPS

RACINE COUNTY JAIL,

                Defendant.

                **ORDER**

      The plaintiff, who is incarcerated at Racine County Jail (the "Jail"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). It was determined that the plaintiff was not required to pay an initial partial filing fee. (Docket #5).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption

of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on January 24, 2017, he slipped and fell on a wet floor in the dayroom of the Jail. (Docket #1 at 2). Some correctional officers and a nurse took the plaintiff back to his cell in a wheelchair because he complained of back, neck, and rib pain. *Id.* at 2-3. He was not taken to the hospital or allowed to see a doctor. *Id.* at 3. The plaintiff alleges that he is "seeking damages from the Racine County Jail for me falling, the nurse practetioner [sic] for denieing [sic] me a doctor, and also the two nurse[s] that worked 2nd and 3rd shift for refusing me treatment." *Id.*

The plaintiff fails to state a viable claim for relief. He attempts to assert a claim for constitutional injury under 42 U.S.C. § 1983, but does not identify any constitutional provision which he believes was violated. *See generally* (Docket #1). With regard to his complaint about the wet floor in the Jail, the Seventh Circuit holds that,

> [t]o prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of a substantial risk of serious injury but nevertheless failed to take appropriate steps to protect him. Negligence or even gross negligence on the part of officials is not sufficient for liability; their actions must be intentional or criminally reckless.

*Bell v. Ward*, 88 Fed.Appx. 125, 127 (7th Cir. 2004) (citations and quotations omitted). Unfortunately for the plaintiff, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410, n.25 (7th Cir. 2014); *Bell*, 88 Fed.Appx. at 127. The *Bell* court held that the wet floor Bell complained of "did not present a substantial risk of serious injury. Although wet floors do present a possibility that inmates might slip, Bell's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment." *Bell*, 88 Fed.Appx. at 127. A typical negligence claim such as this does not automatically become a constitutional injury just because it occurs in a prison. *See Watkins v. Lancor*, 558 Fed.Appx. 662, 665 (7th Cir. 2014).[1]

As to the plaintiff's claim of deficient medical treatment, his potential constitutional recourse lies in the Eighth Amendment. The *Gayton* case outlines the elements of the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury. An

---

[1] The plaintiff also has not named the proper parties for this claim. The Jail is not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

> objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted). The plaintiff's brief and conclusory allegations fall well short of stating a claim for deliberate indifference to his medical needs. He states that he was "hurting" but, in light of the above-cited standards on the wet floor issue, simply experiencing pain from a fall is not a serous medical condition. Further, it appears he received some medical attention but that he simply wanted more; however, "mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quotation omitted). None of the plaintiff's allegations support an inference

that any of the nurses knew he had a serious medical condition and deliberately ignored that fact. Finally, relevant actors are not named as defendants, even in a John/Jane Doe capacity.

In sum, the plaintiff has not stated any actionable claims. Nevertheless, the Court will allow the plaintiff to amend his complaint. If he wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **March 31, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210,

1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **March 31, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the Racine County Sheriff or his designee shall collect from the plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the sheriff of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter.

Page 7 of 8

Case 2:17-cv-00195-JPS   Filed 03/10/17   Page 7 of 8   Document 9

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge