# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL GERROD OWENS,

                Plaintiff,

v.

RACINE COUNTY JAIL, NURSE KATHY, NURSE TELOH, OFFICER LAUX, OFFICER CARBONARA, and OFFICER WINSEL,

                Defendants.

Case No. 17-CV-195-JPS

**ORDER**

On March 10, 2017, the Court screened the plaintiff's original complaint. (Docket #9). The Court found that the plaintiff had not stated any viable claims for relief. *Id.* at 6. The Court required the plaintiff to file an amended complaint no later than March 31, 2017. *Id*. On March 20, 2017, the plaintiff submitted an amended complaint. (Docket #10).

As noted in its March 10, 2017 screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* (Docket #9 at 1); 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The same standards cited in the original screening order apply here. (Docket #9 at 1-3).

The amended complaint states that the plaintiff has "segures," which he describes as a "serious medical condition that can cause brain damage[.]" (Docket #10 at 1). The plaintiff then relates the same series of events as his

original complaint regarding falling on spilled juice at the Racine County Jail (the "Jail"). *Id.* In sum, he alleges that Officer Carbonara knew of some juice on the floor and did not clean it, he slipped on the spill, and injured his head and torso. *Id.* He claims to have severe back pain as a result of the fall. *Id.*

He called for help, which was offered by Officers Carbonara and Laux and Nurse Kathy. *Id.* at 3. Nurse Kathy took the plaintiff's blood pressure and heart rate. *Id.* She then attempted to move the plaintiff, but he stated that he could not move because of the extreme pain. *Id.* Eventually, the correctional staff "forcefully put [the plaintiff] in a wheel chair" and took him to an observation cell. *Id.* Nurse Kathy checked his vital signs again and said she would be back to check on him, but never returned. *Id.* at 4. The plaintiff alleges that Nurse Kathy knew of his "segures" condition, and he implies that her care was not appropriate. *Id.* Finally, the plaintiff alleges that two hours after the incident, he asked for medical attention from Nurse Teloh but she refused to see him. *Id.* The plaintiff closes by stating that the defendants' conduct "shows deliberate indifference, reckless conduct, negligence, Malice Misconduct, Medical deliberate indifference etc. 8th [A]mendment." *Id.* at 5.

The plaintiff still fails to state any viable claim for relief. As discussed in the initial screening order, the Seventh Circuit generally does not impose liability for slip-and-fall claims in prison. (Docket #9 at 4); *Pyles v. Fahim*, 771 F.3d 403, 410, n.25 (7th Cir. 2014); *Bell*, 88 Fed.Appx. at 127. To obtain liability, the situation must present a substantial risk of serious injury. *Bell v. Ward*, 88 Fed.Appx. 125, 127 (7th Cir. 2004). As *Bell* noted, "[a]lthough wet floors do present a possibility that inmates might slip, Bell's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment." *Id.*

at 127. Similarly, the plaintiff's allegations do not show that Officer Carbonara disregarded a substantial risk of serious harm by failing to clean up the juice spill. The officer had no reason to believe it posed a *serious* risk of harm to anyone. This is true even assuming she knew of the plaintiff's condition; though he claims to have suffered extreme pain, he never alleges that the fall exacerbated, or even had the potential to exacerbate, his "segures" condition. Again, a typical negligence claim such as this does not automatically become a constitutional injury just because it occurs in a prison. *See* (Docket #9 at 4); *Watkins v. Lancor*, 558 Fed.Appx. 662, 665 (7th Cir. 2014).

The plaintiff also fails to state a claim for deliberate indifference to his medical needs. It is important to consider the medical need at issue here. It is not the plaintiff's "segures" condition, whose onset apparently pre-dated the fall. The condition is, instead, the pain in his head and torso caused by the fall itself. As the Court noted in the initial screening order, it is not clear whether pain from a fall could be considered a "serious medical condition" if the fall itself was not actionable. (Docket #9 at 5). Even assuming the pain was sufficiently serious, no one was indifferent to it. The plaintiff received immediate medical attention after the fall. Further, the complaint does not allege that the pain continued beyond the day of the fall. The plaintiff's apparent desire for more or different treatment is "mere disagreement with the course of [his] medical treatment" which cannot sustain a deliberate indifference claim. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). If the plaintiff has general concerns about the medical attention he receives for his "segures" condition, those cannot be the basis of this lawsuit.

Page 3 of 4

Case 2:17-cv-00195-JPS   Filed 03/28/17   Page 3 of 4   Document 11

Because the plaintiff has failed to present any viable causes of action after being given an opportunity to amend his complaint, this action must now be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge